[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Motion For Sanctions
The plaintiffs have moved for the imposition of sanctions against the defendants. See Plaintiff's Motion For Sanctions [124].
This action was returnable to this court on July 9, 1991. On November 22, 1991, a default was entered against the several defendants for their failure to plead.
On February 18, 1992, at short calendar, the court heard Defendants' Motion to Set Aside Default [105] against the defendants for their failure to have filed an answer. CT Page 9883
When the parties had finished their arguments on the pending motion, the following occurred:
THE COURT: Defendants' — plural — motion to set aside. All right. Anything further, Mr. Doeg?
MR. DOEG: No, Your Honor.
THE COURT: Mr. Timbers?
MR. TIMBERS: No. I just would repeat, Your Honor, what I believe to be the importance of being permitted to make a motion to strike to get these things out of the case so that we don't have to make a counterclaim against the other side alleging the same materials.
THE COURT: Motion to set aside the default is granted provided and provided only that an answer be filed on behalf of all defendants by one week from today, five p.m., February 25.
MR. TIMBERS: Your Honor, may we make a motion to strike before that? We will file an answer, but may we make a motion to strike before?
THE COURT: That won't cure the default. No. You had five months to say what you had to say about a motion to strike. We're going to move the case.
MR. DOEG: Thank you, Your Honor.
THE COURT: If it's so clear that there are impertinent allegations and causes of action, you can raise that by some other motion after the pleadings are closed.
* * *
Transcript of Proceedings, February 18, 1992, pp. 7-8.
On three separate occasions during the February 18, 1992 proceedings, and before the portion quoted above, Mr. Timbers stated and emphasized the importance of the motion to strike. Transcript of Proceedings, February 18, 1992, pp. 3, 5 and 6. Furthermore, Defendants' Motion to Set Aside Default [105] states CT Page 9884 more than once that when the default is set aside, the complaint should be tested by a motion to strike. Surely, the motion(s) to strike were much on the defendants' minds when they were seeking to set aside the default.
Despite the court's explicit order barring the filing of a motion to strike, the defendants, on February 25, 1992, filed six individual Motions To Strike with the required accompanying memorandum. [110 — 116] Defendants also filed an answer. [117]
Plaintiffs responded to the Motions To Strike by an extensive memorandum in opposition and a Motion For Sanctions. [124] The Motion For Sanctions was accompanied by an affidavit by plaintiffs' counsel reciting that the court had explicitly forbade defendants' filing a motion to strike.
Defendants then filed a Motion For Sanctions directed against plaintiffs and/or their counsel.
On May 19, 1992, the court was scheduled to hear the defendants' Motions To Strike and the two Motions For Sanctions. The court began by hearing defendants' Motions To Strike. The court, perhaps too abruptly, terminated the argument on the Motions To Strike. The court, to the apparent surprise of the participants, quoted the transcript of the February 18 proceedings. The court denied the motions to strike because they had been filed in direct violation of the court's February 19 ruling on defendants' request to file same. Upon hearing the reading of the February 18 transcript, defendants withdrew their Motion For Sanctions.
The court indicated that sanctions were appropriate. The court then stated that plaintiffs could submit an affidavit re the attorneys's fees incurred in responding to defendants' Motions To Strike. Defendants were then permitted to challenge the amount of plaintiffs' claim for attorneys fees by filing a paper setting forth what part of plaintiffs' affidavit and claim for attorneys' fees was inappropriate.
Plaintiffs filed an affidavit itemizing the various services performed, the time expended for each of these items, and the hourly rate charged for each attorney involved.
Despite the court's directive about what defendants were to do regarding the claim for attorneys fees, defendants filed CT Page 9885 DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS [127], and, DEFENDANTS' AFFIRMATION IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS [128]. Neither of these filings addressed or disputed the itemized claim for attorneys fees or the total dollar amount thereof. Defendants did challenge the Motion For Sanctions; defendants claim the motion by its terms was predicated on Practice Book 119. Defendants claim their alleged transgression was not a violation of 119.
Section 119 of the Practice Book provides:
"119. Signing of Pleading
 "Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name. A party who is not represented by an attorney shall sign his pleadings and other papers. The name of the attorney or party who signs such document shall be legibly typed or printed beneath the signature.
 "The signing of any pleading, motion, objection or request shall constitute a certificate that the signer has read such document, that to the best of the signer's knowledge, information and belief there is good ground to support it, and that it is not interposed for delay. Each pleading and every other court-filed document signed by an attorney or party shall set forth the signer's telephone number and mailing address."
Plaintiffs' Motion For Sanctions is based on 119. It seeks sanctions for the defendants' "filing groundless motions to strike." It then recited the events as recounted above. PLAINTIFFS' MOTION FOR SANCTIONS, p. 1. [124]
Section 119 is not the proper basis for sanctions for what the court perceives as defendants' delicts. The court has not considered or even read the Motions To Strike and the accompanying material in support thereof. Nor has the court read the plaintiffs' material submitted in opposition. Nor will it. The court has not and will not determine whether the several motions to strike violated 119's prohibitions.
On May 19, the court was aware that it had specifically CT Page 9886 stated that defendants could not file motions to strike. The court knew the defendants promptly filed six motions to strike in contravention of the court's explicit order. The court also knew that plaintiffs were then put to the expense of opposing the motions to strike, an expense plaintiffs would not have had if the defendants had obeyed the explicit court order. The court therefore indicated that sanctions were in order and set forth the means for determining the amount thereof.
The court acted too quickly; it did not realize at the time that the motion for sanctions was made "pursuant to Practice Book 119." The imposition of sanctions is a serious matter, particularly against an attorney. "Certainly, when an attorney or a party is faced with a claim for sanctions, the legal basis of that claim should be as specific as is reasonably possible." Fattibene v. Kealey, 18 Conn. App. 344, 34, fn. 7 (1989).
The court, reluctantly, vacates its May 19 action allowing sanctions. Sanctions may well be in order. However not pursuant to 119.
The Plaintiff's Motion For Sanctions [124] is denied without prejudice to plaintiffs' filing for sanctions under appropriate authority.
Parker, J.